WIENER, Circuit Judge,
specially concurring:
I am comfortable with the majority’s disposition of the issue of Planck’s term of supervised release. I add this special concurrence, however, to expand on the multiplicity issue.
I agree with the majority that, in prosecutions for possession offenses, the actus reus is the defendant’s act of possession, in consequence of which a defendant who possesses multiple items of contraband at the same time and place may be convicted of only one possession offense, just as a defendant who possesses a single item of contraband may be convicted of only one offense. I also agree with the majority’s recognition of an exception to this general rule: A defendant who possesses multiple items of contraband at the same time and place, may nevertheless be convicted of multiple possession offenses if he either (1) came into possession of different items of contraband at different times or (2), as the government contends here, stored some of the items in different places.[1]
In this prosecution, the government failed to adduce any evidence or assert any facts through the factual basis, rearraignment hearing, sentencing hearing, pre-sen-tence investigation report, or indictment, that Planck acquired possession of any of the pornographic images and movies at different times. Even though such an omission could be fatal to a prosecution under different circumstances, it is not here: Given the overwhelming number of images and movies stored on the computers and diskettes in Planck’s house, it would exceed credulity to conclude that Planck acquired, or could have acquired, all the images and movies at the very same time. In this guilty-plea case, the district court did not clearly err in implicitly finding that, based on and supported by the evidence actually presented, Planck must *507 have acquired possession of the images and movies at different times. Under the discrete facts of this case, I must concur in the majority’s conclusion that convictions on Counts 5 through 7 — the possession counts — are not multiplicitous.
I remain troubled, however, by the government’s failure to present any affirmative evidence or assert any discrete facts to support the requirement of Planck’s having acquired the images and movies at more than one time. It could not have been difficult for the government to ascertain when Planck downloaded each of the images and movies, especially in light of the government’s ability to perform the more difficult task of tracing the upload of images by Planck, a resident of Kingwood, Texas, to an online sharing community operating in Newark, New Jersey.
I am even more disturbed by the government’s and probation office’s apparent failure to recognize the law in this circuit concerning multiple possession offenses in general. Even though this case is, in the narrowest sense, one of first impression under this statute and these discrete facts, it remains a contraband possession case at its core. Yet at no time, either in the district court or on appeal, has the government or probation office acknowledged, recognized, or represented that the only way to support multiple possession charges against a defendant in Planck’s position is to allege and prove that he either acquired possession of the images and movies at different times or stored them in different places. Here, the government either failed to determine the applicable law before prosecuting Planck or simply disregarded it.
Had the facts of this case been but slightly different, the result might well have been different too. And, although the only thing at stake in this particular multiplicity issue is a $200.00 special assessment fee, it would have been a miscarriage if we had been left no choice but to reverse all but one of these convictions of an admitted child pornographer simply because the government failed either to learn the law or to present the necessary factual underpinnings. A word (actually, quite a few words) to the wise should be sufficient.

. Although the desktop computer was found in Planck's living room, the laptop computer in his dining room, and the diskettes in his bedroom, all were stored in his house at the same time. Under these facts, it is feckless to contend that these items were stored in different places. Possession of all items within Planck’s home was storage in the same place.